# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH VOLKAY, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COURT OF COMMON PLEAS OF ) <br> ALLEGHENY COUNTY, ADULT ) <br> DIVISION, PROBATION OFFICE, FIFTH ) <br> JUDICIAL DISTRICT, and CHARLES ) <br> KENNEDY, ) <br> ) <br> Defendant. ) | Civil Action No. 14-193 <br> Hon. Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court are two contested discovery motions that have left this employment discrimination case "stuck in the mud": Plaintiff's Motion for Additional Limited Document and Related Deposition Discovery, (Docket No. 43), and his Motion to Reopen the Deposition of Charles Kennedy, Overrule his Objection on the Grounds of Privilege to Examination of Certain Matters, and Compel his Testimony, (Docket No. 44). These Motions have been exhaustively briefed, the parties have presented significant evidence (including deposition transcripts, correspondence including emails) in support of their respective positions and counsel have argued the merits of these Motions at two separate motion hearings. (*See* Docket Nos. 43, 44, 48, 49, 53, 57, 60, 61, 64, 65, 72, 73, 75, 76, 77). Having fully considered all of the relevant facts and circumstances,[1] and for the following reasons,

IT IS HEREBY ORDERED that Plaintiff's Motions [43] and [44] are DENIED.

In so holding, the Court notes the following.

---

[1] As the Court and the parties are well-familiar with the factual underpinnings of these disputes, which the Court has set forth in prior orders, (*see* Docket No. 71), the Court rules without setting forth an extensive recitation of same.

With respect to Plaintiff's "Motion to Reopen the Deposition of Charles Kennedy, Overrule his Objection on the Grounds of Privilege to Examination of Certain Matters, and Compel his Testimony," (Docket No. 44), Plaintiff has failed to persuade the Court that the attorney-client privilege was waived by the inadvertent disclosure of the email communication, (Ex. 4), and/or through the examination of Kennedy at his deposition.

In this Court's estimation, the parties resolved the dispute over this email through the "meet and confer" process, resulting in counsel executing a Stipulation entered on the Court's docket on April 5, 2015, (Docket No. 35), which the Court endorsed the next day, formalizing their agreement as an Order of Court, (Docket No. 36). To the extent Plaintiff suggests that the language of the stipulation and Order did not preclude his subsequent motions practice, the Court retains the discretion and authority to interpret its own Orders, and believes that the agreement to use the redacted version of the email clearly and unequivocally ended the matter. *See E.E.O.C. v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, n.5 (W.D. Pa. 2012) (citations omitted) ("Included in a district court's power to administer its decrees is the power to construe and interpret the language of the original order."). The Court will hold Plaintiff to the bargain reached by his counsel providing for only use of a redacted version of this email in this litigation, as it has done in prior disputes of this ilk. To this end, as is reflected in § 6 of the Case Management Order in this case,[2]

---

[2] Section 6 incorporates the current version of the Local Rule into the Court's Case Management Order:

> 6. Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:
>
> a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

> § II.N. of this Court's Practices and Procedures, and in numerous Memorandum Orders and Opinions authored in prior cases, this Court fully promotes the meet and confer process as an efficient means to resolve discovery disputes. This process can only be furthered if the Court enforces agreements reached during meet and confer sessions and requires the parties and their counsel to perform their respective obligations under the bargains which have been achieved.

*Samuel, Son & Co. Inc. v. Beach*, No. CIV.A. 13-128E, 2014 WL 5089718, at *4 (W.D. Pa. Oct. 9, 2014) (emphasis added). By entering into the stipulation, Plaintiff agreed to forgo the type of litigation that has ensued here, including the parties' disputes surrounding: the privileged nature of the document; whether the disclosure was truly inadvertent; and, the reasonableness of the protections employed by Defendants and their counsel to keep shield such communications from disclosure. Given the enforcement of the agreement reached by counsel, and the fact that discovery has closed, any discussion by the Court of those disputes would be purely academic. *See Burkey v. Murberry*, 556 F.3d 142, 149 (3d Cir.2009) (recognizing that a "District Court may not render an advisory opinion").

Beyond these reasons, Plaintiff's Motion is also clearly untimely under the clawback language of the Case Management Order providing for any disputes as to inadvertent disclosure remaining after a failed "meet and confer" session to be made within 30 days. (*See* Docket No. 17 at 6(c) ("If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a).")).

---

> b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.
> c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

(Docket No. 17 at § 6).

Finally, having reviewed the contents of the email, which starts "Upon the advice of [attorney]," § 6(a) of the Case Management Order was arguably triggered, requiring Plaintiff's counsel to have "reasonable cause to believe that it has received privileged or trial preparation material" and requiring him to "promptly notify" defense counsel as to its inclusion in the discovery production. (Docket No. 17 at 6(a)).

As to the alleged waiver of privilege during Kennedy's deposition, the Court has reviewed the relevant passages of Kennedy's transcript several times and remains unconvinced that his answers suffice to waive attorney-client privilege with respect to any relevant matters in this litigation. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) ("The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client privilege."). Kennedy's testimony here was provided in response to questioning by Plaintiff's counsel to develop a factual record supporting his own claims and, presumably, pretext evidence. (*See* Docket Nos. 44-1 at 5; 44-2 at 5, 8, 10). Such information was not introduced by Defendants to support any affirmative defense. (*Id.*). Indeed, reviewing the transcripts, the Court likely would have sustained an earlier objection to the line of questioning by Plaintiff's counsel which appeared clearly geared toward eliciting privileged information, despite counsel's earlier instructions to the witness that he was not requesting him to divulge privileged information. (*Id.*).

Accordingly, the Motion to Compel [44] is DENIED.

Finally, as the Court indicated at the motion hearings and in its Memorandum Order denying the motion to consolidate this case with "*Volkay III*", Civ. A. No. 15-706 brought against Dean individually, there is no reason to leave discovery open in this case for the purpose

of seeking more information about Dean's role in the alleged retaliation.  *See* Fed. R. Civ. P. 26(b)(2)(C) (discovery may be denied where "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.").  Hence, "good cause" has not been established to extend the discovery period once again in this particular case.  *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. Sept. 15, 2010).  Accordingly, Plaintiff's Motion for Additional Limited Document and Related Deposition Discovery [43] is likewise DENIED.

Finally, a telephone post fact discovery status conference is set for **Monday, November 9, 2015 at 2:15 p.m.** at which time the Court will discuss with counsel the schedule for summary judgment motions and/or trial.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 6, 2015

cc/ecf: All counsel of record