**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH VOLKAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-193 |
| | ) | Hon. Nora Barry Fischer |
| COURT OF COMMON PLEAS OF | ) | |
| ALLEGHENY COUNTY, ADULT | ) | |
| DIVISION, PROBATION OFFICE, FIFTH | ) | |
| JUDICIAL DISTRICT, and CHARLES | ) | |
| KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff Joseph Volkay, Jr.'s Motion Nunc Pro Tunc for

Reconsideration of the Court's Order Denying Plaintiff's Motion to Modify Stipulation and

related supplement, (Docket Nos. 97, 102), Defendants' opposition thereto, (Docket No. 101),

Plaintiff's post-argument supplemental brief and appendix, (Docket Nos. 109–10), and

Defendants' response to Plaintiff's supplemental brief. (Docket No. 111). The Court also had the

benefit of Hearing and Oral Argument held April 8, 2016.[1] (Docket No. 103). For the following

reasons, Plaintiff's Motion for Reconsideration [97] is DENIED.

## I.    Background

In his complaint, Plaintiff asserted three counts against Defendants: Count I alleging

retaliation under Rehabilitation Act 29 U.S.C. § 794(a); Count II, referencing "Claim under

Rehabilitation Act, 29 U.S.C. § 794(a) (Volkay v. County of Allegheny and Court of Common

Pleas of Allegheny County) and under the Americans with Disability Act 42 U.S.C. § 12112

---

[1] The transcript of the April 8, 2016 Hearing and Oral Argument is filed at Docket No. 103.

(Volkay v. County of Allegheny)"; and Count III, asserting a violation of the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983 (Volkay v. Kennedy). (Docket No. 1). Two months later, Defendants filed a "Motion to Dismiss ADA Claim in Plaintiff's Complaint." (Docket No. 7). That same day, the Court entered an Order on Motions Practice, setting forth a briefing schedule, (Docket No. 9), but Plaintiff did not respond by brief.[2]

Instead, on May 2, 2014, the parties submitted to this Court a stipulation that was drafted by counsel for Plaintiff,[3] which read in its entirety:

> AND NOW, come the parties, by their respective counsel, and
>
> stipulate that Count II of the Plaintiff's Complaint is withdrawn.
>
> The parties also stipulate that Defendants may have until May 23,
>
> 2014 to file their Answer.

(Docket No. 12). The Court acknowledged the parties' stipulation that same day via text order, stating on the docket, "Order granting [12] Stipulation that Count II withdrawn . . . ." (Court Order dated May 2, 2014).

During nearly two years that followed, Plaintiff moved for repeated extensions for the deadline to amend pleadings and add parties, and otherwise had numerous opportunities to consider whether to seek relief from the stipulation and Court order, including:

- When preparing the parties' Fed. R. Civ. P. 26(f) Report, filed on May 21, 2014, wherein the parties described the general nature of the case as "Retaliation under the Rehabilitation Act and violations of the Equal Protection clause of the United

---

[2] On April 23, 2014, the Court received a telephone call from Plaintiff's counsel indicating they agreed to dismiss Count II.

[3] Plaintiff concedes in his filings that his counsel drafted the stipulation. (Docket No. 86 at ¶ 7). As such, the stipulation is construed against the Plaintiff. *See e.g.*, *McWreath v. Range Res. - Appalachia, LLC*, 81 F. Supp. 3d 448, 461 (W.D. Pa. 2015) ("Where the language of the contract is ambiguous, the provision is to be construed against the drafter.").

States Constitution." (Docket No. 14 at 2);

- In preparation for and during the August 12, 2014 mediation before the Hon. Kenneth Benson where the parties would have likely considered the active claims in the case. (Docket No. 21);

- On September 2, 2014, when Plaintiff sought to enlarge the deadline to amend the pleadings, (Docket No. 22), which the Court subsequently granted. (Docket No. 24);

- On October 21, 2014, when the parties again sought more time for discovery and to amend the pleadings, (Docket No. 25), which request the Court granted the next day. (Docket No. 27);

- On April 5, 2015, when the parties once again moved to enlarge fact discovery, (Docket No. 35), which motion the Court granted the next day. (Docket No. 36);

- On May 30, 2015, when Plaintiff decided to file a related lawsuit against Ms. Janice Dean for allegedly violating the Equal Protection Clause of the United States Constitution. (*See Volkay v. Dean*, CA 15-706 (W.D. Pa. Feb. 22, 2016));[4] and

- On August 8, 2015, when Plaintiff filed a motion to consolidate this instant case with the related case against Ms. Janice Dean. (Docket No. 68).[5]

Plaintiff eventually filed a Motion to Modify the May 2, 2014 Stipulation in late February, 2016, (Docket No. 86), contending that although the stipulation was intended to relinquish any claim under the ADA, it was not intended to dismiss Plaintiff's Rehabilitation Act claim. (*Id* at 2; Docket No. 88 at 2). Defendants opposed Plaintiff's motion, (Docket No. 95), and

---

[4] The parties have since requested dismissal of said case, and the Court granted same on February 22, 2016. *Volkay v. Dean*, CA 15-706, Docket No. 50 (W.D. Pa. Feb. 22, 2016).
[5] The Court subsequently denied the motion. (Docket No. 71).

after reviewing the parties' filings, including Plaintiff's lengthy brief, the Court denied Plaintiff's motion. (Docket No. 96).

Eleven days later, Plaintiff moved for reconsideration of this Court's Order, (Docket No. 97), asserting that Plaintiff would suffer extreme prejudice unless the Court reconsiders its Order. (*Id.*). Once again, Defendants opposed. (Docket No. 101). Hence, the Court held Hearing and Oral Argument. (Docket No. 103, 105). During these proceedings, the Court granted the parties' request to file supplemental briefs, (Docket No. 104), which the parties thereafter submitted. (Docket Nos. 110–11). Accordingly, the issue is now ripe for review.

## II. Legal Standard

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, 2011 WL 748152, at *2 (W.D. Pa. Feb.15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high. *See Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). The United States Court of Appeals for the Third Circuit explains that:

> [s]uch motions "are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (internal citations omitted). Though "[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants ... to raise their arguments, piece by piece." *Id.*

*United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Perminter*, 2012 WL 642530, at \*3 (W.D. Pa. Feb. 28, 2012) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at \*2 (citation omitted), or for addressing arguments that a party had the opportunity to raise before the Court's decision, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010)[6] (quotations omitted). Rather, such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at \*2.

## III. Discussion

The Court starts its analysis by referencing the well-known maxim in this Circuit that parties are bound by the actions of their counsel. *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)) ("[P]arties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]'"); *see also Harris v. Kellogg*,

---

[6] The Court is also mindful of its duty, along with that of the parties, under Rule 1 of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

2015 U.S. Dist. LEXIS 168112, at *30 (W.D. Pa. Dec. 16, 2015) (finding that defendant abandoned an argument relative to domicile by way of concessions made by defendant's counsel). Here, Plaintiff's counsel responded to the motion to dismiss by agreeing to dismiss Count II, including the Americans with Disability Act claim. (Docket No. 12). Plaintiff's counsel also went through the Rule 26 conference and confirmed in the parties' joint report that his claims were limited to Counts I and III of the complaint. (Docket No. 14 at 2). Plaintiff's counsel went through extensive discovery without raising this issue until February, 2016.[7]

Moving on, Plaintiff concedes that his Motion for Reconsideration was filed out of time, (Docket No. 97 at ¶ 7), as he failed to comport with this Court's Practices and Procedures.[8] While the Court appreciates Plaintiff's counsel's argument that they were busy working on another case, the Court does not find such excuse sufficient because his counsel could have, among other things, filed a short motion requesting more time, as he had previously done, and this Court granted. (*See* Docket Nos. 55, 58). Accordingly, this Court denies Plaintiff's Motion for Reconsideration for failure to adhere to the Court's Practices and Procedures.

The Court also denies Plaintiff's tardy motion because it does not meet the standard for reconsideration. As noted, to achieve reconsideration, a party must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Perminter*, 2012 WL 642530, at *3 (citations omitted). Plaintiff has not directed the Court to any change in the controlling law. Instead, he

---

[7] To the extent counsel rely on the younger attorney's inexperience as an excuse for their failure to raise this issue, the Court reminds both experienced counsel of their duty to supervise pursuant to the Pennsylvania Rules of Professional Conduct. PA. RULES OF PROF. CONDUCT, Rule 5.1 (2015).

[8] *Practices and Procedures of Judge Nora Barry Fischer*, effective February 5, 2013 II.M ("**Motions for Reconsideration**: Any Motions for reconsideration shall be filed within seven (7) days. Any responses to same shall be filed within seven (7) days thereafter."), *available at*: http://www.pawd.uscourts.gov/sites/pawd/files/fischer_pp.pdf.

recites largely the same authority he presented to the Court in his prior motion and brief. (Docket Nos. 97, 102, 110).

To the extent Plaintiff maintains that the Court's earlier Order "fails to reflect application of the analysis set forth in *Waldorf v. Shuta*," that argument does not sway the Court. "The Court is not required to address every piece of evidence and/or testimony in its opinion, and the fact that each item on Plaintiff's list was not specifically addressed in my memorandum does not mean that it was not appropriately considered. He may not now re-argue his issues." *Zuno v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 104629, at \*9 (E.D. Pa. Nov. 5, 2009). Yet, the Court carefully considered *Waldorf* and its progeny, along with all of the other cases cited by Plaintiff, but found that Plaintiff was nevertheless not entitled to a modification of the stipulation. (Docket No. 96). In doing so, it explicitly referenced *Waldorf*. (*Id.*).

Nor, has Plaintiff identified any new evidence that convinces this Court to reconsider its prior Order. After careful review of Plaintiff's submissions, including the 46 page appendix attached to his second supplemental brief, the Court finds that none of the information Plaintiff provides is "new evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) ("'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (citing *De Long Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981) (en banc)). Rather, Plaintiff's evidence, consisting of deposition excerpts[9] and attachments thereto, was readily available to Plaintiff when he filed his initial motion to modify.

---

[9] Of the four depositions referenced by Plaintiff, two the Court reviewed in their entirety, (Docket No. 53, 76), and a third was the subject of lengthy motions practice, (*see* Docket Nos. 44, 49, 57, 66, 72), as well as Hearing and Oral Argument, (Docket No. 73); thus, the Court is very familiar with same.

Thus, the Court is not persuaded.

The third and final factor relevant to reconsideration, *i.e.*, the need to prevent clear error of law or fact, or to otherwise prevent manifest injustice, similarly does not support Plaintiff's motion. *United States v. Perminter*, 2012 WL 642530, at *3 (citing *Max's Seafood Café ex rel. Lou-Ann, Inc*, 176 F.3d at 677). To prevail on this factor, a party must show that the underlying decision "was clearly wrong and that adherence to the decision would create a manifest injustice." *EEOC v. United States Steel Corp.*, 2012 U.S. Dist. LEXIS 49167, at *23 (W.D. Pa. Apr. 5, 2012) (citing *Payne v. DeLuca*, No. 02-1927, 2006 U.S. Dist. LEXIS 89251, 2006 WL 3590014, at *2 (W.D. Pa. Dec.11, 2006); *and Donaldson v. Informatica Corp.*, Civ. A. No. 08-605, 2009 U.S. Dist. LEXIS 118916, 2009 WL 5184380, *1 (W.D. Pa. Dec. 22, 2009)).[10]

Plaintiff insists that he will suffer "extreme prejudice" unless the Court reconsiders its prior Order denying his motion to modify the stipulation. (Docket No. 97). Defendants respond that Plaintiff's arguments fail to meet the standard for reconsideration, and in any event, the Court previously considered Plaintiff's arguments and rejected them. (Docket No. 101 at 1–2). Defendants are correct that Plaintiff is inappropriately attempting to re-litigate an issue this Court has already decided. But, for the sake of clarity, the Court will further address why Plaintiff's claim does warrant reconsideration. *Teri Woods Publ'g, L.L.C. v. Williams*, 2013 U.S. Dist. LEXIS 172114, at * 11 (E.D. Pa. Dec. 6, 2013) ("Plaintiffs face a 'very high hurdle to leap over before it can meet the required standard to alter or amend a judgment.'") (quoting *Shearer v. Titus (In re Titus)*, 479 B.R. 362, 367 (Bankr. W.D. Pa. 2012)).

The Court of Appeals for the Third Circuit has articulated a four factor test for deciding whether manifest injustice exists in the context of a stipulation made by the parties and ordered

---

[10] Manifest injustice has also been defined as "an error in the trial court that is direct, obvious and observable" or "an unjust state of affairs." *EEOC*, 2012 U.S. Dist. LEXIS 49167, at *23 (citing BLACK'S LAW DICTIONARY (9th ed. 2009)).

by the Court:

> In determining whether there will be manifest injustice unless a party is relieved from a stipulation, courts have focused on such factors as: (1) the effect of the stipulation on the party seeking to withdraw the stipulation, *see Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989) (discussing the effect of the stipulation on the party seeking to withdraw the agreement); (2) the effect on the other parties to the litigation, *see Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 855 (5th Cir. 1966) (holding that "suitable protective terms or conditions" should be imposed "to prevent substantial and real harm to the adversary" (citations omitted)); (3) the occurrence of intervening events since the parties agreed to the stipulation, *see Bail Bonds by Marvin Nelson, Inc. v. Commissioner*, 820 F.2d 1543, 1548 (9th Cir. 1987) (denying relief from a stipulation because "nothing subsequently occurred to change the effect of the original stipulation"); and (4) whether evidence contrary to the stipulation is substantial, *see Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981) (holding that a court could relieve a party from a stipulation upon a showing of substantial contrary evidence).

*Waldorf v. Shuta*, 142 F.3d 601, 617–18 (3d Cir. 1998).

The Court first considers the effect of the stipulation on the Plaintiff. On its face, the stipulation dismisses Count II of his complaint, which referenced both the Americans with

Disability Act[11] and the Rehabilitation Act. (Docket No. 1 at 11). As such, Plaintiff is currently proceeding on Counts I and III, which respectively allege retaliation under the Rehabilitation Act, and violation of the Equal Protection Clause of the Fourteenth Amendment as made actionable by § 1983. (Docket No. 1 at 10, 12). Plaintiff seeks compensatory damages and equitable relief, including reinstatement, against all Defendants; punitive damages against Defendant Kennedy; and attorneys' fees. (Docket No. 1 at ¶¶ 64–65). The Court finds no effect equaling manifest injustice to Plaintiff because, among other things, he can obtain compensatory damages,[12] equitable relief,[13] and attorneys' fees[14] under the remaining counts if he prevails.[15]

Plaintiff nevertheless asserts that he will be unduly prejudiced if the stipulation is not withdrawn or modified because the "legal burdens in advancing a discrimination claim under the Rehabilitation Act are not prone to the same obstacles, such as qualified immunity, that confront Plaintiff in the context of a § 1983 Equal Protection Claim." (Docket No. 88 at 8). Plaintiff buttresses his argument by contending that he will suffer "extreme injustice" should he be forced to litigate pursuant to his stipulation because his claim of disability discrimination will be foreclosed in the event that Defendant Kennedy convinces a jury that "Kennedy was out of the loop with regard to the decision to terminate Volkay's employment." (Docket Nos. 97 at 11; 110 at 6). Plaintiff notes that his concern for Defendant Kennedy's ability to escape responsibility arises from the fact that "Mr. Kennedy, . . . disavowed any decision making role in Volkay's firing, contending instead that the actual decision makers were Volkay's Department Director,

---

[11] Plaintiff concedes that his Americans with Disabilities Act claim should be dismissed. (Docket No. 86 at ¶ 5).

[12] S*ee Barnes v. Gorman*, 536 U.S. 181, 188 (2002) (approving an award of compensatory damages in a § 504 Rehabilitation Act case); 6-105 Larson on Employment Discrimination § 105.07 ("A plaintiff may obtain compensatory damages under § 1981 and § 1983 if the plaintiff can prove actual injury caused by the defendant's discrimination.") (citing *Carey v. Piphus*, 435 U.S. 247 (1978)).

[13] 42 USCS § 2000e-5(g) (permitting equitable relief); 42 USCS § 1983 (same).

[14] 29 USCS § 794a (permitting recovery of attorneys' fees in actions under § 504 of the Rehabilitation Act); 42 USCS § 1988 (allowing for recovery of attorneys' fees in § 1983 cases).

[15] Given that Plaintiff seeks punitive damages against Defendant Kennedy alone, any potential inability to recover punitive damages against the other Defendants is irrelevant.

Janice Dean, and FJD's then-Administrative Judge, Jeffrey A. Manning. . . ." (Docket No. 110 at 5–6).

Plaintiff's assertion that Kennedy could avoid liability merely by claiming he was not the decision maker fails to persuade the Court for multiple reasons. First, Plaintiff has known Kennedy's role for quite some time, as Plaintiff deposed Defendant Kennedy back in March 2015, almost a year before Plaintiff filed his motion to modify. (Docket No. 109-1). Second, Plaintiff must not have been overly concerned about this risk because on the same day Plaintiff sought modification of the stipulation, he voluntarily dismissed, with prejudice, his related suit against Ms. Dean, whom Plaintiff claims was one of the other decision makers. *See Volkay v. Dean*, CA 15-706, Docket No. 50 (W.D. Pa. Feb. 22, 2016). Thirdly, Plaintiff concedes that his counsel drafted and submitted the stipulation dismissing Count II. (Docket No. 86 at ¶ 7). Thus, he is bound by the actions of his counsel. *Lehman Bros. Holdings, Inc.*, 785 F.3d at 102 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. at 633-34); *accord Plante v. Rosane*, 2008 U.S. Dist. LEXIS 118883, at *7 (D.V.I. May 13, 2008) ("mere inadvertence or inattention on the part of counsel is not enough to set [a stipulation] aside.") (citations omitted). Hence, the Court does not find sufficient basis to overturn the stipulation.

The Court next considers the effect of the stipulation on Defendants should the Court revisit its prior ruling and modify the stipulation. For many of the same reasons Plaintiff wants to modify the stipulation, Defendants resist same. Obviously, Defendants do not want to defend against a Rehabilitation Act claim as an additional basis to impose liability. Plaintiff contends, however, that Defendants will suffer no prejudice should the Court modify the stipulation because, according to Plaintiff, the discovery efforts thus far have sufficiently covered any potential issue that could be raised in a Rehabilitation Act claim.

Defendants disagree, pointing out that fact discovery is now closed; and during same, the parties did not address whether Plaintiff is a qualified individual for purposes of Rehabilitation Act claim. (Docket No. 105 at 19:14–17; 22:6–11). Defendants also maintain that they have litigated this case for the past two years under the belief that they were defending against Count I, retaliation under the Rehabilitation Act, and Count III, violation of the Equal Protection Clause of the United States Constitution. (*See* Docket No. 105 at 19:14–24)). Indeed, despite Plaintiff's counsel's argument that they have litigated this case inclusive of the dismissed Rehabilitation Act claim, the record suggests otherwise since the stipulation drafted by Plaintiff's counsel stood for two years. (Docket No. 12). Moreover, Plaintiff listed "Retaliation under the Rehabilitation Act [*i.e.*, Count I], and violations of the Equal Protection Clause of the United States Constitution [*i.e.*, Count III]" in his Rule 26(f) report as the general nature of the case. (Docket Nos. 12, 14 at 2, and 105 at 22:19–21). That report set the parameters for the case going forward. *See* 6-26 Moore's Federal Practice - Civil § 26.143 ("The development of a sound discovery plan, to which all of the parties agree, and which receives the court's imprimatur, particularly in complex cases, is the most certain way to avoid contentious and expensive discovery disputes. The courts should, therefore, exercise their power to assure that counsel and the parties take their obligations at the discovery conference seriously, and should not tolerate half-hearted compliance with the letter or spirit of the Rule 26(f) discovery conference requirement."). Further, Plaintiff is bound by this admission. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 211 n.20 (3d Cir. 2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them.") (citations omitted). Given Plaintiff's statements in the Rule 26(f) report, it appears that Plaintiff intended to litigate these two issues from the outset. (Docket No. 14 at 2). The Court, therefore, finds that Defendants have demonstrated prejudice.

The third factor, *i.e.*, the occurrence of intervening events since the parties agreed to the stipulation, strongly weighs against a finding of manifest injustice. First, the parties have identified no intervening events since the Court approved their stipulation such as to make the stipulation unfair or unjust. Second, subsequent events actually support maintaining the stipulation. The mediation and the filing of a separate lawsuit against Janice Dean <u>after</u> the stipulation was filed, likely took into account the dismissal of the Rehabilitation Act claim. Accordingly, this factor weighs against a finding of manifest injustice.

Finally, the Court considers "whether evidence contrary to the stipulation is substantial." *Waldorf*, 142 F.3d at 617–18. Initially, other courts in this Circuit have found this final factor to be the least important factor when assessing manifest injustice. *See Chem. Leaman Tank Lines v. Aetna Cas. & Sur.*, 71 F.Supp. 2d 394, 400-401 (D.N.J. 1999) (citing *Sims v. Wyrick*, 743 F.2d 607, 610 (8th Cir. 1984) ("We see no suggestion of manifest injustice . . . and . . . cannot accept the suggestion that a stipulation may be disregarded whenever substantial evidence contradicting it were introduced. Indeed, <u>if substantial evidence</u> . . . <u>were all that was required to disregard it, the purpose of stipulations would be severely undercut</u>. . . . If a party could be relieved of a stipulation on a mere showing of substantial contrary evidence, <u>litigants could not rely on stipulations of fact and would have to be fully prepared to put on their proof</u>.") (emphasis in original)).

Turning to Plaintiff's argument, he contends that deposition testimony from Ms. Dean— *i.e.*, testimony that was taken April 14, 2015, and filed on the docket as of September 18, 2015— suggests that she had "concerns about [Volkay's] fitness to return . . . after reading a letter in which Volkay had detailed his various mental impairments as well as the medications he'd been prescribed." (Docket No. 110 at 17). While this indirect evidence may provide some support for

Plaintiff's position, his argument is once again belied by his decision to voluntarily dismiss his related lawsuit against Ms. Dean.[16] Thus, the Court does not find support for reconsideration nor modification.

## IV. Conclusion

After careful review of the effect of the stipulation on the parties, the events that occurred since the stipulation was filed on the docket, and the weight of the evidence in this case, the Court finds that Plaintiff is not only untimely, he has not met his burden to persuade this Court to reconsider its prior Order. Accordingly, Plaintiff's motion for reconsideration [97] is denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

---

[16] Additionally, one may question whether the Court should even attempt to weigh the evidence against this particular type of stipulation, as the parties' stipulation of dismissal of a claim is not a fact that can be verified, nor have they stipulated to a legal conclusion akin to liability. *See Thompson v. Altoona Hous. Auth.*, 2011 U.S. Dist. LEXIS 151390, at *13 (W.D. Pa. Nov. 9, 2011) ("The Court also notes that the parties' stipulation outlines AHA's agreed course of conduct; it does not resolve any factual disputes. Therefore, the stipulation cannot be contradicted by evidence.").